UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE DOE RUN RESOURCES CORPORATION; MARC D. HALPERN, <br><br>Petitioners, <br><br>v. <br><br>HARTFORD ACCIDENT AND INDEMNITY COMPANY; FIRST STATE INSURANCE COMPANY, <br><br>Respondents. | Case No.: 21-CV-455-BEN-WVG <br><br>**ORDER ON THE DOE RUN RESOURCES CORPORATION AND MARC D. HALPERN'S MOTION TO QUASH OUT OF DISTRICT SUBPOENA** |

Pending before the Court is The Doe Run Resources Corporation ("Doe Run") and Marc D. Halpern's (collectively, "Petitioners") Motion to Quash Out of District Subpoena ("Motion to Quash" or "Motion"). (Doc. No. 1.) Hartford Accident and Indemnity Company ("Hartford") and First State Insurance Company (collectively, "Respondents") oppose Petitioners' Motion in its entirety. (Doc. No. 7.) Having considered the Parties' submissions, inclusive of the Parties' voluminous exhibits in support of their motion practice, the Court GRANTS Petitioners' Motion and elaborates below.

I. **PROCEDURAL BACKGROUND**

On March 12, 2021, Petitioners filed the instant Motion. (Doc. No. 1.) On April 22, 2021, District Judge Roger T. Benitez issued an Order to Show Cause for Petitioners'

failure to serve or, in the alternative, provide the Court proof of service of the Motion on Respondents. (Doc. No. 3.) In doing so, Judge Benitez issued a briefing schedule on the substantive matters now before the Court upon Petitioners' filing of the proof of service, if any. (*Id*.) On May 12, 2021, Petitioners filed their Response to Order to Show Cause. (Doc. No. 4.) Six days later, on May 18, 2021, Petitioners also filed certificates of service demonstrating proof of service of the Motion to Quash upon Respondents. (Doc. Nos. 5-6.) On May 27, 2021, consistent with Judge Benitez's briefing schedule set forth in the March 12, 2021 Order to Show Cause, Respondents filed their Response in Opposition to Petitioners' Motion to Quash ("Opposition"). (Doc. No. 7.) On June 1, 2021, Petitioners filed their Reply to Respondents' Opposition. (Doc. No. 14.)

## II. FACTUAL BACKGROUND

Petitioners' Motion to Quash emanates from the underlying litigation[1], which is venued in the Eastern District of Missouri. Petitioners move this Court to quash Respondents' deposition subpoena of Mark Halpern ("Halpern"), who acts as lead counsel for Doe Run in the underlying litigation. Hartford seeks to depose Halpern on the following subject matter: (1) Halpern's communications on behalf of Doe Run with Hartford; and (2) Halpern's communications with certain unidentified third parties regarding this litigation. (Doc. No. 9, 5:12-21, 25-27.) Doe Run objects to Hartford's deposition subpoena on procedural and substantive grounds, respectively the subpoena is: (1) untimely because it was not served until after the close of fact discovery and without seeking leave of court; and (2) unwarranted because Hartford fails to meet its burden under the three-part *Shelton*[2] test to show an attorney deposition is warranted here. (Doc. No. 1, 2:7-10, 3:21-28.)

---

[1] In the underlying litigation, Doe Run alleges Hartford improperly denied Doe Run insurance coverage for settlements Doe Run paid to third parties for disputes arising from Doe Run's natural resource production and related operations.

[2] *See generally Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

Hartford rejects Doe Run's position in its entirety. Hartford argues the subpoena is (1) timely because the deposition was timely noticed prior to the fact discovery cut-off; and (2) necessary because Halpern is a "pivotal witness" as "he played a central role in [the Parties'] communications and in the handling of Doe Run's insurance claims against Hartford." (Doc. No. 9, 6:11-14.)

On June 10, 2020, District Judge Stephen N. Limbaugh, Jr. of the Eastern District of Missouri issued an Amended Case Management Order in the underlying litigation. (Doc. No. 1-4, Exhibit ("Exh.") 2.) In relevant part, Judge Limbaugh set a March 1, 2021 cutoff for "all discovery in this case." (*Id.*) On February 2, 2021, Hartford's counsel emailed a notice of deposition to Halpern, raising for the first time in the course of discovery Hartford's intent to take Halpern's deposition. (*Id.*, Exh. 1.) At the time, Hartford did not concurrently serve a deposition subpoena on Halpern. Instead, between February 8, 2021 and February 11, 2021, the Parties engaged in telephonic and written meet and confer discussions regarding multiple discovery disputes, including the instant dispute. (*Id.*, Exh. 3.) In his communications with Hartford's counsel, Halpern made clear Doe Run would object to Hartford's taking of his deposition and move for a protective order. Although Hartford maintained it had "valid lines of non-privileged inquiry" to explore with Halpern in deposition, Hartford's counsel agreed to "revisit whether [Halpern's] deposition and/or motion practice is necessary" after deposing Doe Run's corporate designee. (*Id.*)

On March 1, 2021, all discovery in this matter closed. (*Id.*, Exh. 2.) At no time on or before March 1, 2021 did Hartford serve a deposition subpoena for Halpern. On March 4, 2021, Hartford renewed its meet and confer discussions with Doe Run regarding its intent to possibly depose Halpern after Hartford completed its deposition of Doe Run's corporate designee. (*Id.*, Exh. 4.) Hartford's counsel and Halpern met and conferred over the matter again to address and possibly reconcile their opposing positions. (*Id.*) No agreement was reached. On March 7, 2021, Hartford serves its deposition subpoena for Halpern. Between March 8, 2021 and March 10, 2021, the Parties telephonically met and conferred further regarding the instant dispute. With no resolution in sight, Petitioners' Motion followed.

### III. LEGAL STANDARD

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion.'" *Irving v. Cty. of Sacramento*, 231 F. App'x 584, 585 (9th Cir. 2007) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Rule 16(b)(4) of the Federal Rules of Civil Procedure provides "a district court's scheduling order may be modified upon a showing of 'good cause.'" *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing Fed. R. Civ. P. 16(b)(4) and *Johnson*, 975 F.2d at 609); *Mytee Prod., Inc. v. H.D. Prod., Inc.*, 2007 WL 4105713, at *2 (S.D. Cal. Nov. 16, 2007). "[The] focus of the inquiry is upon the moving party's reasons for seeking modification ... If that party was not diligent, the inquiry should end." *Martinez v. Costco Wholesale Corp.*, 336 F.R.D. 183, 187 (S.D. Cal. July 22, 2020) (citing *Johnson*, 975 F.2d at 609 and *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. June 16, 1999)). "Good cause may be found where the moving party shows it assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order." *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. Sept. 21, 2012) (citing *Jackson*, 186 F.R.D. at 608); Fed. R. Civ. P. 16, Advisory Committee's Notes (1983 Amendment); *Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 308 F.R.D. 649, 652 (S.D. Cal. July 24, 2015) (same).

At no time does this Court take lightly movants' obligation to meet the rigors of the good cause standard when requesting modifications to scheduling orders. Accordingly, in line with Rule 16(b) and related precedent, the Court will swiftly terminate its inquiry into the propriety of continuing pre-existing dates and deadlines to accommodate a party's need for additional discovery for lack of good cause. *Price v. Wiese*, 2019 WL 6918201, at *2 (S.D. Cal. Dec. 19, 2019) (denying plaintiff's motion to reopen discovery to serve

subpoena duces tecum for lack of good cause, after the court previously modified the scheduling order to extend the fact discovery deadline and then, *sua sponte*, reopened discovery to accommodate the parties' availability for depositions and, in turn, extend the pre-trial motions filing deadline); *Sherwin-Williams Co. v. JB Collision Servs., Inc.*, 2015 WL 1119406, at *12 (S.D. Cal. Mar. 11, 2015) (denying defendants' ex parte application to modify discovery deadlines and rejecting argument that "by the time [defendants] learned of the removal of the paint samples, it was too late to issue a subpoena because fact discovery closed on November 7, 2014" as "yet another example of... waiting until the last minute to complete critical tasks, leaving themselves no time to react to new information"); *see also Sanchez v. Sterling Infosystems, Inc.*, 2013 WL 3772484, at *3 (E.D. Cal. July 16, 2013) (where plaintiff served a deposition subpoena after the close of fact discovery and without leave of court, "there is no basis for plaintiff's position that a deposition is timely simply because the notice issues before discovery closes").

### IV. DISCUSSION

"The Court is not a mere rubber stamp, and the parties must show respect for the Court's schedule and… not to wait until the eleventh hour to complete discovery." *Sherwin-Williams Co.*, 2015 WL 1119406, at *12. As such, the Court will not reward Respondents for their dilatory approach to discovery here. Judge Limbaugh issued his Amended Case Management Order on June 10, 2020 and Respondents waited to *entertain* the prospect of taking Halpern's deposition just one month shy of the close of all discovery[3]. (Doc. No. 1-4, Exhs. 2-4.) The Court refuses to legitimize Respondents' unsubstantiated suggestion that a timely notice of deposition cures an untimely served deposition subpoena. Surely, it does not. Without citing to any legal authority in support of its position, Hartford insists on the

---

[3] In their February 2021 correspondence with Halpern, Hartford's counsel represented, "If [deposing the corporate designee] is not sufficient, we would then revisit whether a deposition and/or motion practice is necessary." (Doc. No. 1-4, Exh. 3.) Consequently, Hartford reserved the *option* of deposing Halpern, rather than indicating its intent to in fact take Halpern's deposition following the corporate designee's deposition. The time to explore such option was during the course of discovery, not afterward.

timeliness of the deposition subpoena served on Halpern on March 7, 2021, six days after the close of fact discovery, because Hartford noticed Halpern's deposition prior to the March 1, 2021 cut-off. The Court has scoured legal precedent regarding Respondent's "fruit of a timely-served notice of deposition" theory and finds no court has allowed depositions to proceed on such basis. This dearth of authority makes sense because, otherwise, like-minded, eleventh-hour litigants would be permitted to assert Respondents' theory to circumvent scheduling orders regulating discovery and other pre-trial matters.

Equally unsettling is Respondents' dismissive treatment of the Court and Rule 16. Even if Petitioners were willing to stipulate to Hartford's taking of Halpern's deposition (which they were not and are not), Respondents cannot cure their untimely discovery efforts without leave of court. At no time did Respondents move Judge Limbaugh to extend the fact discovery cut-off for purposes of taking Halpern's deposition prior to the close of all discovery. Instead, Respondents forced Petitioners to initiate this motion practice and then brought an Opposition that is anchored by a dubious legal theory but not good cause. Nowhere in Respondents' Opposition is there any showing of Respondents' diligence throughout discovery, an explanation of what particular, reasonably unforeseeable circumstances arose that set back Respondents' efforts to obtain discovery from Halpern, or even an excuse as to why Respondents did not request a continuance of the fact discovery cut-off from Judge Limbaugh. Respondents' striking silence on these matters precludes the Court from finding good cause here. Accordingly, the Court GRANTS Petitioners' Motion to Quash and, in turn, DENIES Respondents' request to take Halpern's deposition[4].

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioners' Motion to Quash Out of District Subpoena. Respondents are time-barred from seeking to take Halpern's deposition

///

---

[4] Because Respondents' deposition subpoena of Halpern is time-barred and thus, procedurally defective, the Court does not reach the substantive merits of Petitioners' Motion to Quash the deposition subpoena.

for purposes of the underlying litigation.

**IT IS SO ORDERED.**

Dated: June 22, 2021

_____
Hon. William V. Gallo
United States Magistrate Judge